# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| MITZI C. GATTIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Civil Action No. CV-05-S-2463-NE |
| | ) |
| SCOTTSBORO BOARD OF | ) |
| EDUCATION, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This opinion addresses plaintiff's motion for reconsideration of that portion of this court's March 13, 2008 Order and Memorandum Opinion awarding plaintiff $50,936.00 in back pay.[1]  Plaintiff does not challenge the decision to award back pay itself, but asserts that the amount of the award should be higher.  Defendant filed an opposition to plaintiff's motion for reconsideration.[2]

The court's back pay calculation was based upon the February 13, 2008, testimony of Ms. Connie Roberts, Chief Financial Officer for the Scottsboro City School System.  Ms. Roberts testified that, if plaintiff had been awarded the Special Education Director position, she would have been placed on the Salary Schedule for

---

[1]Doc. no. 73.  The March 13 Order is doc. no. 72.  The March 13 Memorandum Opinion is doc. no. 71.

[2]Doc. no. 75.

that position at a level commensurate with her years of supervisory or administrative experience, *not* her total years of public education experience.  Ms. Roberts testified that the school system always determines administrators' salary levels based upon their years of *administrative* experience, not on their total years of public education experience.  Plaintiff did not refute that testimony at the February 13 hearing.

Plaintiff now has presented evidence that, for the 2007-2008 school year, Administrators employed by the Scottsboro Board of Education were paid according to their total years of public education experience, not their years of administrative experience.  For example, Scott Keeling, who was selected over plaintiff as Special Education Director, was paid at an annual rate of $78,316.00, which corresponds to the Salary Schedule level for an individual with 21-23 years of experience.[3]  As of August of 2007, Keeling would have had 21 years of *total* education experience, but only six years of *administrative* experience.[4]  According to the 2007-2008 Salary Schedule for Special Education Director, an individual with six years of experience would have been paid $71,757.00.[5]  The logical conclusion from this evidence is that Keeling was paid during 2007-2008 based upon his total years of educational

---

[3]Doc. no. 73 (plaintiff's evidentiary submission in support of motion for reconsideration), Exhibit 1 (Affidavit of Sheila A. Cornelius), at Exhibits A-D.

[4]*See* Doc. no. 73, at Exhibits 2 & 3.

[5]Cornelius Affidavit, at Exhibit A.

2

experience, not his years of administrative experience.

In response, defendant presented evidence to explain its shift in salary calculation methods.  Ms. Roberts submitted an affidavit stating that she first devised Salary Schedules for the school system in December of 2004.  These schedules, which became effective in January of 2005, "used years of supervisory/administrative experience in placing administrators/supervisors on the salary schedule and not total years of service in education."[6]  Ms. Roberts created similar Salary Schedules for the 2005-2006 and 2006-2007 school years, both of which relied upon years of administrative experience, and both of which took into account the mandatory pay raises implemented by the Alabama legislature for those years.[7]  Keeling was paid according to these schedules (and, therefore, according to his years of administrative experience) from the commencement of his employment as Special Education Director in February of 2005, through the end of the 2006-2007 school year.[8]

The school system changed its policy for the 2007-2008 school year, however.  Ms. Roberts redrafted the 2007-2008 Salary Schedules "in a manner in which all employees, including administrators/supervisors, were placed on the salary schedule

---

[6]Doc. no. 75 (defendant's opposition to plaintiff's motion for reconsideration), Exhibit A (Affidavit of Connie Roberts), at ¶ 6.

[7]*Id.* at ¶¶ 7-9.

[8]*Id.* at ¶¶ 6-7, 9.

3

*in accordance with their total years of service.*"[9]  Defendant acknowledges that these 2007-2008 Salary Schedules are the ones submitted by plaintiff in support of her motion for reconsideration.  Defendant also acknowledges that Keeling's salary, according to these 2007-2008 schedules, was $78,316, which means that he was compensated, for the first time, based upon his 21 years of total education experience.[10]

After she had drafted the 2007-2008 Salary Schedules, Ms. Roberts learned that she had mistakenly failed to include the seven-percent pay raise mandated by state law.  Ms. Roberts redrafted the 2007-2008 Salary Schedules to include the mandated pay raise, and the school board approved her changes on February 4, 2008. "As a result of the changes, however, the policy of counting total years of public education service for administrative/supervisory employees was rescinded and the [school board] reverted back to the previous practice of counting only years of supervisory/administrative experience."[11]  At the time of the changes, Keeling had been earning a salary of $78,316.00 (the appropriate amount for an employee with 21 years of total experience) since July of 2007.  Reconfiguring his salary to coincide with his six years of *administrative* experience would result in more than a $6,500.00

---

[9]*Id.* at ¶ 10 (emphasis supplied).

[10]*Id.*

[11]Roberts Affidavit, at ¶ 11.

yearly decrease.  The school board became concerned that reducing Keeling's salary in such a manner would constitute a partial termination of his employment under state law, and would entitle him to an appellate hearing.[12]  *See, e.g., Ledbetter v. Jackson County Board of Education*, 508 So. 2d 244, 245-46 (Ala. 1987).  To avoid that outcome, the school board placed Keeling on the corrected 2007-2008 Salary Schedule as though he possessed 9 to 11 years of administrative experience, because that was the level most closely corresponding to the salary he had earned since July of 2007.[13]  Consequently, under the corrected 2007-2008 Salary Schedule, Keeling earned more than he would have if the school board had never switched to the total-years-of-service calculation method at the beginning of the school year, but less than he would have earned if the board had not switched back to the years-of-administrative-experience calculation method when it corrected the Salary Schedule in February of 2008.

Plaintiff presumably would have encountered similar circumstances if she had been selected as Special Education Director.  At the beginning of the 2007-2008 school year, she would have been placed on the Salary Schedule according to her thirty-one years of total education experience.  Her salary would therefore have been

---

[12]*Id.* at ¶ 15.

[13]*Id.*

$85,049.00, the highest possible amount for an individual of plaintiff's education level in the Special Education Director position.[14]   Although the school board returned to the years-of-administrative experience calculation method when it amended the 2007-2008 Salary Schedules in February of 2008, the board would not have reduced plaintiff's salary, just as it did not reduce Keeling's salary, for fear of encountering a challenge for partial termination of employment.  Therefore, plaintiff's back pay award for the 2007-2008 school year should be amended to reflect that her salary as Special Education Director would have been $85,049.00, not $78,226.00.  Plaintiff's total back pay award accordingly will be increased by $6,823.00.

The court has identified another potential error in the calculation of back pay.  Although plaintiff has not raised this issue, the court nonetheless finds it appropriate to address the matter *sua sponte,* so that the interests of justice may be served.  The back pay chart prepared by defendant[15] calculates back pay beginning on February 21, *2006*.  However, the Special Education Director position was awarded to Scott Keeling on February 21, *2005*.[16]  The court cannot understand why plaintiff's back pay award would commence a full year after she was denied the Special Education

---

[14]*See* 2007-2008 Salary Schedule attached as Exhibit A to doc. no. 73 (effective July 1, 2007, and approved by the board on July 12, 2007).

[15]Defendant's Exhibit 6 from the February 13, 2008 evidentiary hearing.

[16]*See* defendant's Exhibit 5 from the February 13, 2008 evidentiary hearing.

Director position.

Consequently, defendant is ORDERED to file a supplemental response to plaintiff's motion for reconsideration.  The supplemental response must explain (with supporting legal authority, if necessary) why plaintiff's back pay award should not be recalculated with a start date of February 21, 2005.  Further, as the record does not contain any salary information for the Special Education Director position during the 2004-2005 school year, defendant is ORDERED to submit that information, in admissible form.  Finally, defendant is ORDERED to submit a revised calculation of back pay, in a form similar to defendant's Exhibit 6 from the February 13, 2008 hearing, and assuming a commencement date of February 21, 2005.  All of the foregoing must be filed on or before April 30, 2008.  If plaintiff desires to file a reply to defendant's supplemental response, she must do so on or before May 7, 2008.

The court will enter a final order amending the back pay award, and will address new briefing deadlines on the issues of attorney's fees and retirement benefits, after considering the supplemental submissions required by this order.

DONE this 16th day of April, 2008.

_____
United States District Judge

7